Not For Citation or Publication

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| CLARENCE SKINNER, | ) |
| Petitioner, | ) Civil Action No. 7: 05-370-DCR |
| V. | ) |
| EDWARD F. REILLY, JR., Chairman of the United States Parole Commission, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Respondents. | ) |

\*\* \*\* \*\* \*\* \*\*

Clarence Skinner, an individual presently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Through this action, the Petitioner challenges the denial of his parole application by the United States Parole Commission ("U.S.P.C."). The matter is currently before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

As an initial matter, the Court notes that Federal prisoners must first exhaust their administrative remedies under 28 C.F.R. §§542.10-.16 before filing a §2241 petition. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).

However, th Petitioner asserts that because he is incarcerated for violations of the D.C. Code, he has no right to appeal the U.S.P.C.'s parole denial and thus no administrative remedy available to exhaust.

U.S.P.C. Parole Form I-22 instructs prisoners appealing an adverse parole determination that:

> This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

Title 28 of the Code of Federal Regulations, Part 2, Subpart A, expressly provides U.S. Code prisoners and parolees with an appeal of a parole decision to the National Appeals Board. 28 C.F.R. §2.26. Subpart D affords the same right of appeal to D.C. Code supervised releasees. Title 28 of the Code of Federal Regulations, §2.220. Subpart C, which applies to D.C. Code prisoners and parolees like Petitioner, does not. Thus, it appears that the Petitioner has no administrative remedy to exhaust. Likewise, the District of Columbia's own habeas statute, D.C. Code 16-1901, is not available to the Petitioner who is not confined "within the District [of Columbia]." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998).

In a petition brought pursuant to Section 2241, the warden of the facility at which the Petitioner is currently serving his sentence is the Petitioner's custodian within the meaning of 28 U.S.C. §§2241-2243 and is the appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). The Petitioner has properly named Suzanne Hastings, the Warden of

U.S.P.-Big Sandy, as the Respondent. The Petitioner has also named as a Respondent Edward F. Reilly, Jr., the Chairman of the United States Parole Commission, who is neither a necessary nor proper party to this action, and will be dismissed. *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'").

Accordingly, it is hereby **ORDERED** as follows:

(1) The Respondent in this action is Suzanne Hastings, Warden of U.S.P.-Big Sandy. Respondent Edward F. Reilly, Jr., the Chairman of the United States Parole Commission, is hereby **DISMISSED** as a respondent herein.

(2) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon Respondent Suzanne Hastings, Warden of U.S.P.-Big Sandy, and shall serve a copy to the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3) Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with its response all relevant documentary evidence which bears upon the allegations contained in the petition.

(4) Upon entry of a response or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5) The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6) For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon each Respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 19th day of December, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge